FILED
2006 Mar-13 PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE STERLING GRIFFIN, JR.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 2:00-CV-2792-VEH |
| ) | |
| **DEPUTY WILLIAM POWELL, SR.** ) | |
| **and DEPUTY ARTASKER HAYES** ) | |
| **Defendants.** ) | |

## CORRECTED MEMORANDUM OF DECISION

Plaintiff brings this action under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment rights under the Constitution. Plaintiff alleged at trial that the defendants, Jefferson County Sheriff's Deputies Powell and Hayes, were, on December 29, 1999, and again on January 20, 2000, deliberately indifferent to his serious medical needs. The case centers around the removal of blankets from Mr. Griffin's person or cell after a certified registered nurse practitioner, Janice McInnis, had prescribed two extra blankets for the Plaintiff, who suffered from an upper respiratory infection. The Plaintiff seeks compensatory damages of at least $100,000.

A bench trial was held over two days following which time the Court reserved judgment. The Court has made the following findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52. The Complaint is dismissed, and judgment in favor of defendants shall be entered.

I.  FINDINGS OF FACTS

On December 29, 1999, and again on January 20, 2000, the Plaintiff was seen by CRNP McInnis and prescribed, among other things, antibiotics and two extra blankets.  (Pl's Exs. 3, 4)  The antibiotics were prescribed for ten days.  No duration or expiration was set out as to the blankets.

The Plaintiff testified that Deputy Hayes took his extra blankets from him on December 29, 1999, and again on January 20, 2000, even though he showed her his prescription authorizing him to have the extra blankets.  He testified that she either took the blankets from his hands as he was returning to the cell block from the medical unit or took them from his cell six hours after he returned from the medical unit to his cell.  He testified that she told him, on both occasions, that she didn't "give a damn" who issued the prescriptions/blankets.  "Isn't anybody on my floor going to have extra blankets."

Deputy Hayes testified that she took excess blankets from the Plaintiff's cell on one occasion.  She did not remember the date.  However, she testified that she was not at work on January 20, 2000.  She testified that the Plaintiff showed her a prescription (identifying Pl's Ex. 3) and that it had "expired."  She testified that she told the Plaintiff that he could have the blankets if they were (medically) authorized but that he could not have them if they weren't.  She testified that she went to the

2

"cubicle" where Deputy Powell was and that she called the medical unit on a speaker phone in Deputy Powell's presence. She testified that licensed practical nurse ("LPN") Terry Harris answered the phone and that, after checking the Plaintiff's medical records, LPN Harris told Hayes and Powell that the time for the Plaintiff to have extra blankets had expired. Deputy Hayes testified that she then went back to the Plaintiff's cell block and removed the excess blankets.

It is undisputed that Plaintiff does not allege that Deputy Powell removed any blankets.

CRNP McInnis testified that, although she did not remember Mr. Griffin, based on her review of the prescriptions, the Plaintiff had an upper respiratory infection.

The Plaintiff testified that, because the extra blankets were taken from him, he stayed sick, suffered shakes and pains, and suffered mental anguish.[1]

Additionally, the Plaintiff testified that a letter (D's Ex. 22), that he wrote dated December 21, 1999, complaining that Deputy Hayes "keeps taking" his blankets, should have been dated December 29, 1999. He stated that the confusion in dates resulted from the fact that he did not have a calendar in his cell. However, the Court notes that Christmas falls on December 25 of each year, that December 21 is before

---

[1] The Plaintiff also testified, that because he was incarcerated for 27 months in a cold and damp cell, he developed a permanent palsy in his hand. However, the Plaintiff's prison condition claims were dismissed prior to trial.

3

December 25 and that December 29 is after December 25. The Court therefore gives no credence to Plaintiff's testimony that he did not at least know whether or not Christmas had come and gone on the date that he wrote the letter.

The Plaintiff additionally testified that he suffered a "stroke" and that he "had an aneurism in 2000."[2] He testified that, as a result, his memory was not good. His testimony about the actions and words of Deputy Hayes, which he claimed were identical on December 29, 1999 and January 20, 2000, was detailed and specific, although at times inconsistent. The Court finds that, based on the Plaintiff's admitted memory problems and the inconsistencies in his testimony, the Plaintiff's testimony is not credible.

In contrast, although the Plaintiff's attorney apparently saw inconsistencies in Deputy Hayes's testimony, the Court finds that all areas that were claimed to be inconsistent were in fact consistent, although sometime an explanation was required. The Court further finds that Deputy Powell's testimony was credible. Therefore, the Court believes the testimony of Deputies Hayes and Powell, and disbelieves the testimony of Plaintiff Griffin, to the extent that their testimonies were in conflict. Specifically, the Court finds that Deputy Hayes removed blankets from the Plaintiff's

---

[2] These may have been the same event, just labeled with a different term at different times in the Plaintiff's testimony.

cell on only one occasion, that the date on which she removed the blankets was at least ten days after December 29, 1999, and that she removed the blankets only after noting that the prescription was over ten days old and only after receiving corroboration from LPN Harris that the time frame during which the Plaintiff was to have extra blankets had ended and they were no longer medically necessary.

## II. CONCLUSIONS OF LAW

Although the United States Constitution does not require comfortable prisons, neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined." *Helling v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).[3] However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). "After incarceration, only the 'unnecessary and wanton infliction of pain' ... constitutes cruel and unusual punishment forbidden by

---

[3] "[T]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." *See March v. Butler County, Ala.*, 268 F.3d 1014, 1024 (11th Cir. 2001) (quoting *Hamm v. DeKalb Cty*, 774 F.2d 1567, 1573-74 (11th Cir. 1985)). The "minimum standard for providing medical care to pretrial detainee under [the] Fourteenth Amendment is [the] same as [the] minimum standard required under [the] Eighth Amendment for [a] convicted prisoner." *See id.* (citing *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1573-74 (11th Cir. 1985); *Lancaster v. Monroe Cty.*, 116 F.3d 1419, 1425 n. 6 (11th Cir. 1997)).

the Eighth Amendment." *Ingraham v. Wright,* 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (citations omitted)).

In *Estelle v. Gamble,* the Supreme Court held that a prison official's "deliberate indifference to [the] serious medical needs of [a] prisoner constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104, 97 S.Ct. 285 (quotation marks and citation omitted); *see Campbell v. Sikes,* 169 F.3d 1353, 1363 (11th Cir.1999). The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.' " *Estelle,* 429 U.S. at 105-06, 97 S.Ct. 285.

To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Taylor v. Adams,* 221 F.3d 1254, 1257 (11th Cir.2000); *Adams v. Poag,* 61 F.3d 1537, 1543 (11th Cir.1995). First, a plaintiff must set forth evidence of an objectively serious medical need. *Taylor,* 221 F.3d at 1258; *Adams,* 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970; *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999); *Campbell,* 169 F.3d at 1363.

In the Eleventh Circuit, a serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (11th Cir.1994) (quotation marks and citation omitted). "Our precedent recognizes a range of medical needs that are sufficiently serious to constitute 'serious medical needs' for purposes of the Eighth Amendment and some medical needs that are not." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A diagnosis of a respiratory illness accompanied by coughing, wheezing, shakes, and fever constitutes a "serious medical need." *See Adams v. Poag*, 61 F.3d 1537, 1539-41, 1543 (11th Cir. 1995) (asthma with continual breathing problems and with accompanying coughing, wheezing, and hyperventilating constitutes serious medical need).

In *Estelle,* the Supreme Court established that "deliberate indifference" entails more than mere negligence. *Estelle,* 429 U.S. at 106, 97 S.Ct. 285; *Farmer,* 511 U.S. at 835, 114 S.Ct. 1970. The Supreme Court clarified the "deliberate indifference" standard in *Farmer* by holding that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official *knows of* and *disregards an excessive risk to inmate health or safety;* the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,

7

and he must also draw the inference." *Farmer,* 511 U.S. at 837, 114 S.Ct. 1970 (emphasis added). In interpreting *Farmer* and *Estelle,* the Eleventh Circuit explained in *McElligott* that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott,* 182 F.3d at 1255; *Taylor,* 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need").

**A.     Defendant Hayes**

Defendant Hayes testified that the Plaintiff "looked fine" to her on the day she took his blankets. She further testified that she interpreted the time limitation on the antibiotics prescribed on Pl's Ex. 3 to also apply to the blankets, but that she called the medical unit and was told the blankets were no longer medically necessary before she took them from the Plaintiff. Deputy Powell confirmed the telephone call. The Court finds that Deputy Hayes' testimony is credible. Under Deputy Hayes' version of the facts, at least ten days had elapsed since the day on which CRNP McInnis diagnosed the Plaintiff as having an upper respiratory infection. Having accepted Deputy Hayes' testimony, the Court finds that the Plaintiff has failed to establish either subjective awareness on her part of a serious medical need of the Plaintiff, or

that Deputy Hayes' actions were an objectively insufficient response to that need. Indeed, the Plaintiff has failed to establish that, at the time the blankets were taken, he had a "serious medical need". *Taylor*, 221 F.3d at 1257 (the Court must first determine whether the Plaintiff's illness constitutes a serious medical need.)

**B.    Defendant Powell**

Section 1983 requires an affirmative causal connection between an official's acts or omissions and the alleged constitutional violation. *See Swint v. City of Wadley, Ala.*, 51 F.3d 988 (11th Cir. 1995). It is therefore axiomatic that a § 1983 plaintiff must allege some act or omission on the part of a defendant in order to state a valid claim. There is no such allegation in this case to support the claims asserted against Defendant Powell.

It is the uncontested evidence before this court that Defendant Powell did not, on either date complained of, take Plaintiff's extra blankets from either his person or his cell.[4]

The court holds, as a matter of law, that Plaintiff has failed under his burden to demonstrate an affirmative causal connection between Defendant Powell's acts or omissions and the alleged Constitutional violation.

---

[4] At the close of the case, there was no evidence in this case that Defendant Powell took blankets from Plaintiff at any time. Both Plaintiff and Defendant Powell testified that Powell did not take Plaintiff's blankets.

## III. CONCLUSION

The Plaintiff has not established a claim for violation of his Eighth Amendment rights, and, therefore, the Complaint is dismissed and judgment shall be entered for the Defendants.

SO ORDERED this the 10th day of March, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge